# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ADAMS COLE & DAULTON RAIL SERVICES CORPORATION, LLC, d/b/a ACD, LLC, )))) | |
| Plaintiff, ) | |
| vs. ) | Case No. CIV-10-842-M |
| CONTINENTAL CARBON COMPANY, ) | |
| Defendant. ) | |

## ORDER

Before the Court is plaintiff's Motion for Preliminary Injunction, filed August 4, 2010. On September 16, 2010, defendant filed its response. On October 25, 2010, the Court conducted a hearing on plaintiff's motion.

I.  Background

In November 2008, plaintiff entered into a contract with defendant to demolish Unit No. 3 Baghouse located at defendant's Ponca City facility and to remove all of the metal items extracted from the demolition ("Demolition Agreement"). Plaintiff's compensation for the work was the value of the salvaged materials. The Demolition Agreement further provided that "[o]wnership of the Materials transferred, assigned, relinquished, and released to, and in favor of, Contractor shall be made effective at time the Materials are removed and extracted by Contractor." Plaintiff's Hearing Exhibit 1, Demolition Agreement, at ¶ 4(b).

Plaintiff subcontracted the work to GVL, Inc., who commenced work in November 2009. Due to alleged problems plaintiff was having with GVL's performance, plaintiff ultimately dismissed GVL. At the time of GVL's dismissal, less than 10% of the demolition work was completed. All of the salvaged material resulting from the demolition work of GVL ("Salvaged

Material") was stacked and stored on defendant's property and remains there today. Defendant estimates the value of the Salvaged Material is approximately $30,000; plaintiff believes the Salvaged Material is worth many hundreds of thousands of dollars.

On June 7, 2010, defendant terminated the Demolition Agreement. Defendant has also refused to permit plaintiff to have the Salvaged Material. On August 4, 2010, plaintiff filed the instant action for breach of contract, conversion, and injunctive relief to compel payment for the work performed under the Demolition Agreement. Plaintiff has also filed a motion for preliminary injunction, seeking a preliminary injunction requiring defendant to refrain from converting plaintiff's property and to immediately release the Salvaged Material to plaintiff.

II.     Discussion

A movant seeking a preliminary injunction must show: (1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest. *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001). "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Id.* (internal citation omitted). Whether to grant a preliminary injunction rests within the sound discretion of the trial court. *United States v. Power Eng'g Co.*, 191 F.3d 1224, 1230 (10th Cir. 1999).

Additionally, Federal Rule of Civil Procedure 65(c) provides, in pertinent part:

> The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.

Fed. R. Civ. P. 65(c).

At the hearing, plaintiff presented evidence showing a substantial likelihood of success on the merits, irreparable injury in the absence of injunctive relief, the injury to plaintiff outweighs any injury to defendant, and the injunctive relief would not be adverse to the public interest. Additionally, at the conclusion of the hearing, defendant's counsel stated that defendant would request that the Court either (1) order defendant to sell the Salvaged Material at a mutually agreeable price and then hold the money in escrow pending the outcome of this suit or (2) order defendant to give the Salvaged Material to plaintiff, let plaintiff sell it, and order plaintiff to put up a bond pursuant to Rule 65(c).

In light of the evidence submitted, as well as defendant's agreement to the entry of the injunctive relief plaintiff requests if plaintiff puts up a bond, the Court GRANTS plaintiff's Motion for a Preliminary Injunction [docket no. 2] as follows: Upon plaintiff posting a bond or providing security in the amount of $37,500[1] pursuant to Rule 65(c), defendant is ORDERED to release the Salvaged Material to plaintiff.

**IT IS SO ORDERED this 28th day of October, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] This amount is based upon defendant's estimate of the value of the Salvaged Material and upon a reasonable amount ($7,500) for costs and attorney's fees.